## HJALMAR DAY v. ANNA FREDERICKSON AND ANOTHER.[1]

November 17, 1922.

No. 23,001.

**Exchange of property—silence about plumbing work not deceit—demurrer.**
    In a barter and exchange of residence lots in a city, the parties thereto are under no legal obligation to disclose the plan or manner in which the plumbing in connection with the dwelling is installed, in the absence of a request so to do, and mere silence in that regard is not such deceit as would constitute a cause of action for damages. The order sustaining a general demurrer to the complaint was correct.

Action in the district court for Hennepin county to recover $649.13 for deceit in exchange of property. From an order sustaining defendants' demurrer to the complaint, Bardwell, J., plaintiff appealed. Affirmed.

*Patterson & Rorem,* for appellant.
*M. A. Jordan,* for respondents.

QUINN, J.

Demurrer to the complaint herein upon the ground that it fails to state facts sufficient to constitute a cause of action. From an order sustaining such demurrer, plaintiff appeals.

It appears from the pleading that plaintiff owned two lots, and the defendants owned three upon which was situated a dwelling, all in the city of Minneapolis. That on April 10, 1921, they entered into a written contract for the exchange of these properties. That on April 19, 1921, they passed deeds of conveyance and each went into possession of the premises so obtained. That there was on the premises so conveyed to plaintiff by the defendants a cesspool connected with the basement of the house with tile sewer pipe in which there was no trap or ventilator. That the plumbing had been installed without a permit from the city inspector and without his knowledge or consent, and contrary to an ordinance of the

[1] Reported in 190 N. W. 788.

city regulating the installation of plumbing, approved January 17, 1909. That the sewage from the dwelling discharged through such tile drain into the cesspool. That the cesspool and tile drain were covered with earth. That some time after he took possession of said premises, plaintiff detected sewer gas in the basement, but was unable to determine from whence it came until the following October, when he employed a plumber to install a new cesspool and called the city inspector of plumbing to examine the plumbing, who condemned the same as dangerous to life and health. Plaintiff asks in his complaint, as damages, $649.13, the alleged reasonable cost of installing the new cesspool and plumbing.

In his complaint the plaintiff bases his cause of action and right to recover upon the contention that at no time during their negotiations did the defendants, or either of them, disclose or in any manner make known to him that there was no trap nor ventilator in the tile drain referred to. He alleges that he had no means of discovering the facts until the excavating was begun in October; that the defendants knew of the conditions and should have informed him of the facts, but that they remained silent in relation thereto, for the purpose and with the intent of deceiving him. The complaint is upon this theory and it goes no farther.

It does not appear from the pleading when the plumbing was installed, whether before or after the adoption of the ordinance referred to, nor whether the sewer gas detected in the basement was the result of the absence of a trap and ventilator in the plumbing, or from an overflushed cesspool, or some other cause. Nor does it appear that plaintiff was deceived or misled by any act of the defendants, unless by their silence. The entire transaction was simply a barter or exchange of properties. The defects complained of were in the plan of installing the plumbing. No fault was found with the cesspool. It does not appear that there was any ordinance regulating the installation of plumbing in effect at the time the plumbing was installed. The defendants were under no legal obligation to inform plaintiff as to the plan or manner in which the plumbing was installed in the absence of a request so to do, and their silence in this regard is not such deceit as would render them

liable in damages. Elliot, Contracts, § 122; Fleming v. Slocum, 18 Johns. (N. Y.) 403, 9 Am. Dec. 224. To render them liable for deceit in such a transaction, it must appear that the defendants or one of them, by some omission, violated a duty resting upon them. McGrath v. R. R. Co. 32 Barb. (N. Y.) 146, 155. The case is unlike Cesar v. Karutz, 60 N. Y. 229, 19 Am. Rep. 164, and cases there cited, where a landlord rented premises, knowing them to have been infected by a contagious disease, without any steps having been taken to disinfect the same, and without notifying the tenant of such condition. The holding of the trial court was correct.

Affirmed.